UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TIM DAVID VANLOON
(a.k.a. "TIMOTHY VANLOON"),

    Defendant.

_____/

**INDICTMENT**

The Grand Jury charges:

(Possession of Child Pornography)

On or about January 14, 2019, in Mason County, in the Southern Division of the Western District of Michigan,

**TIM DAVID VANLOON (a.k.a. "TIMOTHY VANLOON")**

knowingly possessed child pornography that involved prepubescent minors, including but not limited to one of more of the visual depictions listed below by file name:

1. 8.jpg;
2. 12.jpg; and
3. 16_(2).jpg.

These depictions were produced using materials that had been shipped or transported in or affecting interstate or foreign commerce, including but not limited to one or more of the following devices manufactured or having components manufactured

outside the state of Michigan: an HP Laptop computer, Model G72-C55DX, and a Western

Digital, MyPassport external hard drive.

18 U.S.C. § 2252A(a)(5)(B) and (b)(2)
18 U.S.C. § 2256(8)(A)

# FORFEITURE ALLEGATION
(Possession of Child Pornography)

The allegations contained in the Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 2253.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C. § 2252A,

**TIM DAVID VANLOON (a.k.a. "TIMOTHY VANLOON")**

shall forfeit to the United States of America any visual depiction described in 18 U.S.C. § 2252A; any matter which contains any such visual depiction that was produced, transported, mailed, shipped, and received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses or any property traceable to such property.  The property to be forfeited, as to all counts, includes, but is not limited to an HP Laptop computer, Model G72-C55DX, Serial No. 5CB0491VT7 and a Western Digital, MyPassport external hard drive, Serial No. WXA1A71N4378.

If any of the property described above, as a result of any act or omission of the defendant

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with, a third party;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and by 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)
18 U.S.C. § 2251
18 U.S.C. § 2252A
18 U.S.C. § 2256(8)(A)

## NOTICE OF PRIOR CONVICTION

The Grand Jury finds that at the time of the illegal acts alleged in the Indictment, the defendant, **TIM DAVID VANLOON (a.k.a. "TIMOTHY VANLOON")**, had a prior conviction under the laws of any State relating to sexual abuse and abusive sexual conduct involving a minor or ward.

Specifically, on or about November 15, 1990, **TIM DAVID VANLOON (a.k.a. "TIMOTHY VANLOON")** was convicted in the State of Michigan of Second Degree Criminal Sexual Conduct, in violation of Michigan Compiled Laws Annotated § 750.520c(1)(a).

18 U.S.C. § 2252A(b)(1) and (2)

A TRUE BILL

*Robert K. Gillespie*
_____
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____
DAVIN M. REUST
Assistant United States Attorney